IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

UNITED STATES OF AMERICA,  §
                           §
            Plaintiff,     §
                           §       Criminal No. 3:09-CR-249-D (17)
VS.                        §
                           §
MILOS VUJANIC,             §
                           §
            Defendant.     §

## ORDER

The government moves under 18 U.S.C. § 3161(h)(7)(B)(ii) to have this case declared complex and for a continuance of the trial date. Defendant Milos Vujanic ("Vujanic") opposes the motion. For the reasons that follow, the court grants the motion to the extent of declaring the case to be complex, continuing the trial date to Monday, November 3, 2014, and continuing the pretrial motion deadline to Tuesday, September 2, 2014.

I

The court can grant a trial continuance when the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial. *See* 18 U.S.C. § 3161(h)(7)(A). The court can grant an ends-of-justice continuance when, *inter alia*, "the case is so unusual or so complex, due to . . . the nature of the prosecution . . . that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established by [the Speedy Trial Act]." 18 U.S.C. § 3161(h)(7)(B)(ii).

The government maintains that, due to the volume of the evidence, the number of coconspirators, the nature of the prosecution, and the complexity of the offense conduct, it is

unreasonable to expect adequate preparation for a trial in July 2014.  It moves the court to continue the trial to a date on or after December 8, 2014.  Vujanic opposes the motion.

II

The court declares that this case is complex under the Speedy Trial Act, and it finds that the ends of justice served by continuing the trial until November 3, 2014 outweigh the best interest of the public and the defendant in a speedy trial.  The court specifically finds that the case is so unusual or so complex due to the nature of the prosecution that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established by the Speedy Trial Act.  *See* 18 U.S.C. § 3161(h)(7)(B)(ii).

At the outset, the court notes that Vujanic's opposition to *any* continuance of the trial[1] is incongruous with other actions that he has taken in defending the case.  For example, on May 23, 2014, he filed a motion for approval of CJA funds for expert and/or investigative services.[2]  In that motion, he requests court approval to use the services of Marlo P. Caddedu, Esquire ("Caddedu").  Caddedu has previously served in this case as defendants' coordinating discovery attorney due, *inter alia*, to the complexities and extraordinary volume of the electronic discovery.  Based on the history of discovery in this case, Caddedu's role, and the government's representations concerning the discovery that pertained to codefendants and that pertains to Vujanic—including a need for Vujanic to supply a hard drive that can accommodate approximately two terabytes of information—Vujanic

---

[1]Vujanic states in his response that he "respectfully requests that the Court deny the government's motion and to commence the trial of this case as scheduled on July 21, 2014."  D. Resp. Mot. for Cont. 1.

[2]Vujanic has filed other motions, including a motion to disqualify government counsel, that cannot be decided sufficiently in advance of July 21, 2014 to enable the trial to proceed as scheduled.

maintains that his "counsel may need to retain the services of computer experts, forensic experts, investigators and other experts pursuant to the Criminal Justice Act, as well as purchase computer hardware and/or software necessary to obtain and review discovery in this matter." D. Mot. for Approval of CJA Funds ¶ 4. He requests that the court reappoint Caddedu to facilitate discovery in this case, authorize his counsel to obtain expert and/or investigative services in a similar manner to the previously-tried defendants, and authorize his counsel to obtain the computer hardware and/or software necessary to obtain additional pertinent discovery, as indicated by the government.[3]

But even if the court assumes *arguendo* that Vujanic intends merely to oppose a continuance of the duration requested rather than any continuance at all, the court finds that the case should be declared complex and the trial continued. It is undisputed at this point that the discoverable digital data in this case exceed 200 terabytes of information[4] and that the paper documents exceed 10,000 pages. According to the government, for the trial of the codefendants, the 200 terabytes of information were narrowed to approximately eight to ten terabytes; the government has provided or made available to Vujanic the same discovery that was provided to his codefendants; and the

---

[3]The court is currently seeking clarification from the Fifth Circuit regarding whether the prior approvals obtained concerning the codefendants are sufficient to cover Vujanic. If not, the court will seek additional approvals so that Vujanic can obtain the services needed for an effective defense.

[4]In connection with the prosecution of other defendants in this case, Caddedu advised the court that disclosed digital data exceeded 200 terabytes, and that 10 terabytes of space would hold the printed collection of the Library of Congress. As the court has explained before in this case, one gigabyte of data is roughly equivalent to 65,000 pages of a Microsoft Word file or 100,000 email files. *See How Many Pages in a Gigabyte?*, LexisNexis Discovery Servs., *available at* h t t p : / / w w w . l e x i s n e x i s . c o m / a p p l i e d d i s c o v e r y / lawlibrary/whitePapers/ADI_FS_PagesInAGigabyte.pdf. 500 gigabytes, then, is the equivalent of 32.5 million pages of a Microsoft Word file or 50 million email files. By comparison, the Federal Bureau of Investigation task force examined four terabytes of data in the Enron case. *See* Allan Sloan, *Laying Enron to Rest*, Newsweek, June 5, 2006, at 25, *available at* http://www.newsweek.com/2006/06/05/laying-enron-to-rest.html.

government is aware of approximately three additional computers containing no more than one terabyte of data that would be necessary for Vujanic's counsel to obtain and review.

Additionally, as Vujanic recognizes in his response, the trial of the codefendants lasted approximately 2½ months.[5]  Although Vujanic is the only defendant now on trial, he is charged in count one with the offense of conspiracy and in count two with aiding and abetting electronic mail fraud.  It will therefore be necessary for the government to prove the existence of the conspiracy charged in count one and the commission of the offense in count two that Vujanic allegedly aided and abetted.  Consequently, the government "anticipates that the government's case against Vujanic will be based on the identical evidence available for the prosecution of Vujanic's codefendants." G. Mot. Cont. 2.  This, in turn, will require that Vujanic's counsel review and prepare concerning a much more expansive array of evidence than might be viewed as pertaining to Vujanic's alleged conduct alone.  The court finds that this case is complex, that a trial continuance should be granted, and that the trial continuance granted by this order provides counsel the time reasonably necessary to prepare adequately for pretrial proceedings and for the trial itself.

III

Although the government moves the court to continue the trial to a date on or after December 8, 2014, the court declines to do so at this time.  Even if the court assumes that the trial will be shorter than the government projects,[6] given the estimated length of the trial, the court must take into

---

[5]The trial commenced on October 11, 2011, and the jury returned its verdict on December 21, 2011.

[6]The government states in its motion that it anticipates that its case in chief will take 20 to 25 trial days.  G. Mot. Cont. 2.  The court does not suggest that it will allocate this much time for the government's case in chief.  For the 2011 trial of four other defendants in this case, the court allocated to the government 82½ hours for its examination of its witnesses and cross-examination

account competing trial settings on its docket and the time necessary to prepare for such trials. The court is scheduled to begin on February 2, 2015 the trial of a multidefendant, multi-week criminal case. In fact, the lead prosecutor in Vujanic's case is the lead prosecutor in that case. The court cannot commence the trial of Vujanic's case in December 2014 without unduly impinging on its preparation for, if not the trial of, the case scheduled to begin on February 2, 2015. And the court is unwilling to continue the trial of Vujanic's case until April 2015 or afterward in the face of his counsel's apparent insistence that he can be ready for trial sooner.

\* \* \*

The government's June 19, 2014 motion to have case declared complex and for a continuance of the trial date is granted. The court declares the case to be complex, and it continues the trial to Monday, November 3, 2014, and the pretrial motion deadline to Tuesday, September 2, 2014.

**SO ORDERED**.

July 3, 2014.

_____
SIDNEY A. FITZWATER
CHIEF JUDGE

---

of defendants' witnesses—the equivalent of 15 total trial days. Considering that Vujanic's trial will involve one defendant and two counts, the government must demonstrate good cause to receive even the time it was given in the other case, much less the 20 to 25 trial days that it anticipates requiring for this trial.