IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| v. | § | NO. 3:09-CR-249-D |
| MILOS VUJANIC | § | |

GOVERNMENT'S RESPONSE TO MOTION TO DISQUALIFY

1.The United States of America respectfully responds to Vujanic's Motion to Disqualify the undersigned Assistant United States Attorney (AUSA). Vujanic contends that the undersigned AUSA cannot continue as the AUSA in his case, due to a "conflict" resulting from her sworn affidavits used in Vujanic's extradition proceedings in France. Vujanic's argument is without merit and lacks support.

2.The undersigned AUSA executed an Affidavit and a Supplemental Affidavit in Support of the Request for Extradition (jointly referred to as extradition affidavits) in furtherance of her role as the lead prosecutor in this case. Vujanic mistakenly likens the extradition affidavits to witness statements. The extradition affidavits are necessary and required filings used in furtherance of the prosecution of Vujanic, i.e. to extradite Vujanic to the Northern District of Texas. According to the American Bar Association, Standard 3- 1.2(b), the undersigned, as a prosecutor, "is an administrator of justice, an advocate, and an officer of the court." As an officer of the Court, all AUSAs are obligated to be ethical and truthful, when appearing in court and when filing documents. Swearing before a Magistrate Judge to an extradition affidavit setting out facts related to the ongoing

prosecution as the prosecutor of the case, is a administrative matter to satisfy the requirements of the Department of Justice, Office of International Affairs (OIA) and the foreign country, in this case, France.  The extradition affidavits are not evidence in the criminal case.  In reality, the substance of any document filed by a prosecutor in any criminal case can be viewed as "sworn" in light of the prosecutor's position as an officer of the Court.

3.     Extradition is a sui generis proceeding wherein one country surrenders a fugitive arrested in that country to the country of prosecution.   It is *not* a criminal proceeding, *McDonald v. Burrows*, 731 F.2d 294, 297 and n.6 (5th Cir. 1984).   The Federal Rules of Criminal Procedure do not apply, Fed. R. Crim. P. 54(b)(5); *Eain v. Wilkes,* 641 F.2d 504, 508 (7th Cir. 1981); also see *Ntakirutimana v. Reno,* 184 F.3d 419, (5th Cir. 1999), quoting *Eain V. Wilkes* , 641 F.2d at 429 ("An accused in an extradition hearing has no right ... to pose questions of credibility as in an ordinary trial, but only to offer evidence which explains or clarifies that proof" (citation omitted)).

4.      A fugitive may be extradited only when a treaty or convention provides for extradition and only under the conditions set forth in the treaty. 18 U.S.C. § 3184.   OIA is the principal liaison with the foreign countries for all extraditions.

5.     Most countries require the AUSA's affidavit to be sworn, in lieu of the AUSA appearing before the foreign Court as the advocate in the case.   The affidavits in this case were submitted to the French court, and were pertinent only to the extradition proceedings.  The affidavits are not admissible in or relevant to Vujanic's criminal trial on Counts One

and Two of the Indictment.   Per the requirements of OIA and most foreign countries permitting extradition, every extradition package should include an affidavit from the prosecutor, setting out the following:

a. Identification of the AUSA affiant;
b. A brief statement of the facts, using narrative language rather than indictment language;
c. The procedural history of the case;
d. Identification of offenses and penalties;
e. Status of the case;
f. Identification of the applicable statute of limitations;
g. Citizenship of the fugitive;
h. Identification information of the fugitive; and
i. A reference to all exhibits and supporting affidavits.

None of these sections, save for perhaps b., could be considered of evidentiary value in a criminal case.   The content of b. is discussed below in paragraph 9.

6.      In his motion, Vujanic claimed that the Rule 3.08, *Tex. Disciplinary R. Prof. Conduct*, (1989) reprinted in Tex. Govt. Code Ann., tit. 2, subtit. G, app. (Vernon Supp. 1995) (State Bar Rules art. III) provided that attorneys are *prohibited* from appearing as an advocate and as a witness.   (Emphasis added.)   However, Rule 3:08[1] actually states that "[a] lawyer *shall not* accept or continue employment as an advocate before a tribunal in a contemplated or pending adjudicatory proceeding if the lawyer knows or believes that the lawyer is or *may be a witness necessary to establish an essential fact on behalf of the lawyer's client*."   In Vujanic's case, the undersigned *is not and will not be a* "witness necessary to establish an essential fact" on behalf of the government.

---

[1] Rule 3.08 further provides five (5) exceptions, wherein the attorney *can* testify as a witness.   The government did not recite these five (5) subsections, because the undersigned is not and will not be a witness on behalf of the government during Vujanic's trial.

**Government's Response to Motion to Disqualify -- Page 3**

7.   In an attempt to support his contention, Vujanic also cites one Seventh Circuit case and one Ninth Circuit case.   However, these cases do not support his propositions.   In *United States v. Johnston*, 690 F.2d 638, 642 (7th Cir. 1982) (en banc), the Seventh Circuit Court of Appeals opined that an AUSA would *not* be "automatically disqualified as a witness or as a trial advocate after testifying."   The Johnston opinion also relied on the American Bar Association, Code of Professional Responsibility EC 5-9 (1978), and summarized the ethical consideration as follows:

> The rules prohibit an attorney from accepting employment in contemplated or pending litigation when it is obvious that he will be called as a witness. If the need for his testimony becomes apparent after the attorney has undertaken employment in the case, he must withdraw from the conduct of the trial. *These requirements do not apply, however, in exceptional circumstances enumerated in the Disciplinary Rules: where the testimony will relate solely to an uncontested or formal matter and there is no reason to believe that substantial evidence will be offered in opposition to the testimony.*   (Emphasis added.)

The undersigned contends that the extradition affidavits were submitted in her capacity as an advocate in the case, not as a witness.   However, even if this Honorable Court deemed the AUSA's affidavits to be "testimonial," the affidavits related to a formal administrative matter, and for all intents and purposes, the substantive content of the affidavits was not contested.

8.   Vujanic's Ninth Circuit case, *United States v. Prantil*, 764 F.2d 548, (9th Cir. 1985) is a unique matter.   The defendant Prantil was a defense attorney who had been communicating with the AUSA during Prantil's representation of defendant in a criminal case.   Prantil was charged with being an accessory after the fact to harboring a fugitive.

**Government's Response to Motion to Disqualify -- Page 4**

Some of the evidence establishing the charge was statements made by Prantil to the AUSA, when no one else was present: According to the Court, the AUSA was a "participant in many of the underlying events" and therefore a fact witness to those events. Prantil, 764 F.2d at 556. Vujanic correctly reports on the Ninth Circuit Court of Appeal's opinion regarding the advocate-witness rule. The Court in *Prantil* opined that "[t]he advocate-witness rule prohibits an attorney from appearing as both a witness and an advocate in the same litigation." *Prantil*, 764 F.2d at 552-3. However, in Vujanic's case, the undersigned was never a witness to any act constituting Vujanic's or his coconspirator's criminal conduct. As an advocate, the undersigned did interview many witnesses and reviewed evidence during the investigation and during the trial preparations and trial phases. However, the undersigned always had other people present during those interviews, typically the case agent, and therefore the case agent or the other witness(es) would be the evidentiary "sponsor" of the evidence to be admitted at trial. The Court in Prantil did "recognize that a defendant has an obligation to exhaust other available sources of evidence before a court should sustain a defendant's efforts to call a participating prosecutor as a witness (citation omitted)." *Prantil*, 764 F.2d at 551. In this case Vujanic utterly fails to recognize that the undersigned did not execute those extradition affidavits as a witness to any fact. She executed the extradition affidavits as the advocate summarizing the facts gathered by the investigating agency and agents as required by OIA and the foreign Court.

9.    Vujanic attaches the extradition affidavits to his motion (these affidavits were never publicized or filed in the United States until Vujanic attached it to his motion).   In the first affidavit (Vujanic's Exhibit 1), the undersigned identified herself; provided a short summary of the offense facts; identified the applicable statutes and the charges in the Indictment as to Vujanic; provided a procedural history of the case (including the procedurally related to some of Vujanic's codefendants); set out the elements of the offenses, the pertinent statutory or Fifth Circuit approved definitions, and the government's burden of proof; stated that Vujanic was a citizen of the Republic of Serbia, and referred the Court to the attached affidavit of the FBI Special Agent.   The affidavit was consistent with the affiant fulfilling the role of an advocate, not as a witness.   The section entitled "Short Summary of the Facts" (referenced as "b" in paragraph 5) contains 287 words.   It does *not* purport to offer evidence or testimony from the prosecutor.   The first sentence begins with "[a]n investigation by the Federal Bureau of Investigation revealed . . ." and ends with the last sentence, "[a]ttached hereto as Exhibit A is an affidavit from Federal Bureau of Investigation Special Agent Allyn Lynd . . . ."   It is apparent when reading the "Short Summary of the Facts" which consisted of 9 sentences, that the undersigned simply provided a very brief summary of the attached Agent's Affidavit.

10.    In the supplemental affidavit (Vujanic's Exhibit 2), the undersigned answered questions posed by the Court in France.   The undersigned responded to the questions from the foreign Court, just as she would to this Honorable Court.   Even when a United States District Court asks the AUSA as an advocate to answer questions about the charges, the

evidence, or the proceedings, the AUSA as an officer of the court is obligated to answer those questions to the best of her knowledge as if under oath. In this case, the Court in France had eight (8) questions that required a response from the advocate, i.e. the undersigned AUSA. In responding to those questions as an advocate, the undersigned AUSA often referenced the source of the information, i.e. the witnesses who could testify or the document to be introduced as an exhibit and 'sponsored' by a witness.

11. Finally, on page 3 of his Motion, Vujanic presents four examples of instances wherein he claims to "expect[] testimony" from the below signed AUSA. These examples are (1) allegations that Vujanic "did or was involved in some things in Dallas when he was actually in Europe," (2) allegations that Vujanic was included in certain communications or discussion with others, in contradiction to" allegations in the latest indictment, (3) allegations that Vujanic is "citizen and ha[s] a passport from countries where he has neither citizenship nor a passport," and (4) allegations that Vujanic "participated in a conspiracy to defraud, understanding that it was illegal, from the moment he met the co-defendants until they were arrested." First the government has no intent to call the below signed to testify to any of these matters, because not all of these matters are relevant or admissible in a criminal case, and *more importantly*, because she was not and is not a fact witness to any of the examples mentioned. Second, Vujanic fails to (2) explain to the Court how the undersigned is an essential fact witness, and (2) assure the Court that there is not at least one other more pertinent witness available.

12. The undersigned is not and will not be a witness for the government during

Vujanic's trial. Vujanic fails to articulate (and frankly cannot articulate) any compelling or legitimate need to call the undersigned as a necessary witness for the defense. *United States v. Roberson*, 897 F.2d 1092, 1098 (11th Cir. 1990). Vujanic fails to present any justification or case law permitting the introduction of the AUSA's extradition affidavits during the trial.

               Respectfully submitted,

               SARAH R. SALDAÑA
               United States Attorney

               s/ Candina S. Heath
               CANDINA S. HEATH
               Assistant United States Attorney
               candina.heath@usdoj.gov
               Texas State Bar. No. 09347450
               1100 Commerce Street, 3d Floor
               Dallas, Texas   75242
               Telephone: 214-659-8600

## CERTIFICATE OF SERVICE

  I hereby certify that on Friday, Independence Day, July 4, 2014, I electronically filed the foregoing document with the clerk for the U.S. District Court, Northern District of Texas, using the electronic case filing system of the court. The electronic case filing system sent a "Notice of Electronic Filing" to S. Cass Weiland, attorney for Vujanic, who consented in writing to accept this Notice as service of this document by electronic means.

               s/ Candina S. Heath
               CANDINA S. HEATH
               Assistant United States Attorney