UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   NO. 3:09-CR-249-D (17) |
| | ) |
| MILOS VUJANIC, | ) |
| | ) |
| Defendant. | ) |

**DEFENDANT'S REPLY TO GOVERNMENT'S RESPONSE TO
MOTION FOR DISCOVERY**

Defendant Milos Vujanic files this Reply to Government's Response to Motion for Discovery, in support of Mr. Vujanic's request that this Court direct the government to disclose information required under Fed. R. Crim. P. 16, and in support thereof, shows as follows:

1. Mr. Vujanic filed a Motion for Discovery in this Court on June 20, 2014. In the Motion, Defendant sought access to his statements, emails, and other communications that are in possession of the government, pursuant to Fed. R. Crim. P. 16.

2. The government filed its Response to Mr. Vujanic's Motion for Discovery on July 5, 2014. Variously, the Response "took offense,"[1] offered Mr. Vujanic an additional "8 [terabytes] of data,"[2] and directed Mr. Vujanic to Marlo Cadeddu, the electronic discovery coordinator in the previous case.[3] We regret any offense the Motion may have caused. Mr. Vujanic simply wants the government to provide him with his written or recorded statements—including his previous e-mail and chat correspondence—that are within the government's

---

[1] Government's Response to Motion for Discovery, ¶ 2.

[2] *Id.*

[3] *Id.* at n.2.

possession.

3. Fed. R. Crim. P. 16 is clear:

> (a) GOVERNMENT'S DISCLOSURE
> (1) *Information Subject to Disclosure*.
> …
> (B) *Defendant's Written or Recorded Statement*. Upon a defendant's request, the government must disclose to the defendant, and make available for inspection, copying, or photographing, all of following:
>
> (i) any relevant written or recorded statement by the defendant if:
>
> - statement is within the government's possession, custody, or control; and
>
> - the attorney for the government knows—or through due diligence could know—that the statement exists;

We respectfully submit that the government's discovery obligations do not change if there exist additional terabytes of information, or if a discovery expert is appointed in the case.

4. At the outset in this case the government provided Mr. Vujanic with twelve (12) discs of discovery as part of its "disclosures." Mr. Vujanic's counsel spent over twenty hours sifting through this produced material, an effort which yielded only two documents even remotely relevant to Mr. Vujanic: a check and a forwarded email. Later, Mr. Vujanic's counsel was informed by the government that "all email and instant message chats involving Vujanic . . . would be located in the 8 TBs of data and the extra 2 TBs (or less) of data from the additional hard drives" that had not yet been produced—an amount of data the Court has already likened to the printed collection of the Library of Congress.[4]

5. The government is in a superior position to identify the written and recorded

---

[4] *See id.* at ¶ 5 and Dkt. 1812 at 3 n.4.

statements of Mr. Vujanic, including e-mails and chat communications. We believe the government is aware of a large number of written and recorded statements since this case was tried for weeks and the FBI has had possession of this evidence for several years. Of the original nineteen indicted defendants, only Mr. Vujanic and one other defendant remain.

6. The government does offer to allow Mr. Vujanic to copy and organize an additional eight or ten terabytes of information at his own expense. In other words, the government intends to satisfy its discovery obligations by providing Mr. Vujanic with every single document in this case and then have Mr. Vujanic and his counsel find the needle in the haystack. This is inequitable and does not satisfy the government's discovery obligations, under Fed. R. Crim. P. 16 or other applicable rules.[5] Indeed, the government's position in this case differs significantly from the government's conduct in *Skilling* where: 1) the government produced an "electronic and searchable" file; 2) the government produced a list of "hot documents"; and 3) the government and defendant were equally positioned to locate relevant documents. Are there no "hot documents" we could be provided with here?

7. Mr. Vujanic's counsel sincerely and truthfully does not understand the government's opposition to the Motion for Discovery. The government is familiar with this case and has already sorted the discovery materials. Upon information and belief, the technical resources of the FBI could easily and inexpensively allow the government to provide Mr. Vujanic with his written and recorded statements. There is no need for Mr. Vujanic and his counsel to be forced to sift through all statements and all documents of all nineteen co-defendants and all third parties. More specifically, based on the chart that appears in the Motion

---

[5] *See United States v. Briggs*, 2011 U.S. Dist. LEXIS 101415 (W.D.N.Y. Sept. 8, 2011) (ordering the government to reproduce ESI pursuant to Fed. R. Crim. P. 16(d) in accordance with standards in Fed. R. Civ. P. 34(b)(2)(E)(ii));
*see also United States v. Skilling*, 554 F.3d 529, 577 (5th Cir. 2009) (rev'd on other grounds) ("We do not hold that the use of [voluminous discovery] can never violate *Brady*.").

3

for Discovery and other material used by the government to extradite Mr. Vujanic, the government has identified specific documents that are likely necessary to its case in chief that ought to be turned over to Mr. Vujanic under other provisions of Fed. R. Crim. P. 16.[6]

8. Finally, this Court has expressed some "wonderment" at Mr. Vujanic's opposition to the continuance sought by the government. But Mr. Vujanic's opposition to the continuance was based on his (in hindsight, erroneous) assumption that the government would be willing—indeed, would prefer—to disclose relevant written and recorded statements of Mr. Vujanic that were within the government's control and which were readily identifiable by the government. Such disclosures would assist counsel in assessing Mr. Vujanic's position and counseling him. Although Mr. Vujanic previously sought to have Ms. Cadeddu re-appointed to facilitate discovery, which the Court may approve[7], it would seem preferable for the government not to saddle the Court and Mr. Vujanic's counsel with such administrative tasks. This way Mr. Vujanic and the government would have been able to try the case at the original setting.

9. In any event, Mr. Vujanic, though never convicted, has already spent over two years in jail, and there is no reason that the government should be able to use discovery "tactics" to push out his trial even further.

---

[6] Fed. R. Crim. P. 16. (a)(1)(E) ("Upon a defendant's request, the government must permit the defendant to inspect and to copy . . . documents . . . if the item is within the government's possession, custody, or control and: i) the item is material to preparing the defense; ii) the government intends to use the item in its case-in-chief at trial; . . .").

[7] *See* Dkt. 1812 at 3 n.3.

4837-2640-5404.2.

Respectfully submitted,

/s/ S. Cass Weiland
S. Cass Weiland
Texas Bar No. 21081300
Robert A. Hawkins
Texas Bar No. 00796726
SQUIRE PATTON BOGGS (US) LLP
2000 McKinney Avenue, Suite 1700
Dallas, Texas 75201
(214) 758-1504
(214) 758-1550 (fax)

and

Camille M. Knight
Attorney at Law
2828 Routh Street, Suite 675
Dallas, Texas 75201
214-871-2741 telephone
214-871-0620 facsimile

**ATTORNEYS FOR DEFENDANT**

**CERTIFICATE OF SERVICE**

This is to certify that the foregoing motion has been served on all counsel of record via the ECF filing system on this 17th day of July, 2014.

/s/ Robert A. Hawkins
Robert A. Hawkins

4837-2640-5404.2.