IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | Criminal No. 3:09-CR-249-D (17) |
| VS. | § | |
| | § | |
| MILOS VUJANIC, | § | |
| | § | |
| Defendant. | § | |

MEMORANDUM OPINION
AND ORDER

Defendant Milos Vujanic ("Vujanic") moves to disqualify Assistant United States Attorney Candina S. Heath ("AUSA Heath") on the ground that she may be called as a witness. The court denies the motion.

I

On June 25, 2012 and January 3, 2013, in connection with the government's efforts to extradite Vujanic from France following his arrest there, AUSA Heath executed an affidavit and a supplemental affidavit in support of request for extradition (collectively, the "Extradition Affidavits"). Vujanic moves to disqualify AUSA Heath from acting as a prosecutor in this case, arguing that because she has "vouch[ed] for and endors[ed] factual evidence in the Extradition Affidavits," she may be called as a witness. D. Br. [3]. Vujanic maintains that "AUSA Heath has injected herself as a witness in this prosecution by vouching for and endorsing factual evidence in the Extradition Affidavits which, in the Government's view, establishes Defendant's guilt in this case." *Id.* He contends that the

"advocate witness rule" mandates that AUSA Heath voluntarily withdraw from her representation of the government in this prosecution, or, failing her voluntary withdrawal, she should be disqualified and a new prosecutor appointed.

The government responds that AUSA Heath executed the Extradition Affidavits, not as a *witness* in the case, but in her role as an *advocate*, to secure Vujanic's extradition. It maintains that AUSA Heath executed the Extradition Affidavits under oath before a magistrate judge to satisfy the administrative requirements of the U.S. Department of Justice, the Office of International Affairs, and France, the extraditing country. The government contends that the Extradition Affidavits relate solely to Vujanic's extradition proceedings and are not admissible in, or relevant to, Vujanic's trial; AUSA Heath "is not and will not be a 'witness necessary to establish an essential fact' on behalf of the government," Gov't Br. 3 (emphasis omitted) (quoting Tex. Disciplinary R. Prof'l Conduct 3.08); and, even if the court views the Extradition Affidavits as "testimonial," they relate to a formal administrative matter and their substantive content is uncontested.

II

"'[D]isqualification cases are governed by state and national ethical standards adopted by the court.'" *United States v. Starnes*, 157 Fed. Appx. 687, 693 (5th Cir. 2005) (per curiam) (alteration in original) (quoting *FDIC v. U.S. Fire Ins. Co.*, 50 F.3d 1304 (5th Cir. 1995)). Texas Disciplinary Rule of Professional Conduct 3.08(a) states:

> A lawyer shall not accept or continue employment as an advocate before a tribunal in a contemplated or pending adjudicatory proceeding if the lawyer knows or believes that the

>lawyer is or may be a witness necessary to establish an essential fact on behalf of the lawyer's client, unless . . . the testimony relates to an uncontested issue [or] the testimony will relate solely to a matter of formality and there is no reason to believe that substantial evidence will be offered in opposition to the testimony[.]

Tex. Disciplinary R. Prof'l Conduct 3.08(a), *reprinted in* Tex. Gov't Code Ann., tit. 2, subtit. G, app. A, Art. 10, § 9 (West 2013). Similarly, Rule 3.7(a) of the American Bar Association Model Rules of Professional Conduct provides, in relevant part:

>A lawyer shall not act as an advocate at a trial in which the lawyer is likely to be a necessary witness unless:
>(1) the testimony relates to an uncontested issue;
>(2) the testimony relates to the nature and value of legal services rendered in the case; or
>(3) disqualification of the lawyer would work substantial hardship on the client.

Model Rules of Prof'l Conduct R. 3.7(a) (2014). These "lawyer-as-witness" rules are not implicated, however, "unless the lawyer 'is likely to be a necessary witness.'" *Starnes*, 157 Fed. Appx. at 693 (quoting *United States v. Watson*, 87 F.3d 927, 932 (7th Cir. 1996)). "A lawyer is not 'likely to be a necessary witness' when evidence pertaining to each matter to which [she] could testify is available from another source." *Id.* (citing *Horaist v. Doctor's Hosp. of Opelousas*, 255 F.3d 261, 267 (5th Cir. 2001)); *see also Horaist*, 255 F.3d at 267 (holding that, because lawyer's potential testimony was cumulative of other evidence, lawyer was not necessary witness and trial court did not err in refusing to disqualify him).

The government contends that AUSA Heath is not, and will not be, a necessary witness in the trial of this case, and the court finds and concludes that Vujanic has not

- 3 -

established otherwise. Vujanic cites the following as examples of the instances involving AUSA Heath's expected testimony:

1. It is alleged that Defendant did or was involved in some things in Dallas when he was actually in Europe;

2. Defendant is alleged to be included in certain communications or discussions with others, in contradiction to some of the Government's allegations in the latest indictment;

3. Defendant is alleged to be a citizen and have a passport from countries where he has neither citizenship nor a passport;

4. Defendant is alleged to have participated in a conspiracy to defraud, understanding that it was illegal, from the moment he met the co-Defendants until they were arrested.

D. Br. [3] (bullet points replaced by numerals). But Vujanic has not shown that the examples he cites, or any other evidence on which the government will rely at trial, is unavailable from a source other than AUSA Heath. *See Starnes*, 157 Fed. Appx. at 694; *see also In re Duke Invs., Ltd.*, 454 B.R. 414, 423 (Bankr. S.D. Tex. 2011) (noting that, under Tex. Disciplinary R. Prof'l Conduct 3.08(a), "a movant has the burden of showing that the attorney's testimony is 'necessary to establish an essential fact on behalf of the [non-movant attorney's] client,' and the movant must explain why 'other sources revealed in the record,' such as the testimony of other witnesses or other pertinent records in evidence, are insufficient." (citations omitted)). Accordingly, Vujanic's motion to disqualify is denied.

* * *

Vujanic's June 20, 2014 motion to disqualify is denied.

**SO ORDERED**.

August 6, 2014.

 _____
 SIDNEY A. FITZWATER
 CHIEF JUDGE