IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | Criminal No. 3:09-CR-249-D (17) |
| VS. | § | |
| | § | |
| MILOS VUJANIC, | § | |
| | § | |
| Defendant. | § | |

MEMORANDUM OPINION
AND ORDER

Defendant Milos Vujanic ("Vujanic") has filed a June 20, 2014 motion for discovery under Fed. R. Crim. P. 16.  The court addresses the motion in this memorandum opinion and order, denying the motion in part as moot and in part on the merits.

I

Vujanic seeks disclosure of the following: (1) his oral or written statements, including emails and other communications between Vujanic and third parties; (2) exhibits relating to Vujanic that are listed in Attachment A to a January 3, 2013 Supplemental Affidavit in Support of Request for Extradition; and (3) 31 categories of information that are referenced in the government's extradition affidavits and/or the fourth superseding indictment. Vujanic complains that the government has provided him discovery

> consisting of 14 CDs of information, but these CDs do not include all of the relevant and discoverable information relating to Defendant.  Moreover, as part of its disclosures, the government referenced the existence of "approximately 8 TBs of data from the seized computers."  Yet, it remains whether the government has produced the entirety of this information.

D. Mot. Discovery 2.

The government responds that it has provided or offered options to make available to Vujanic all of the evidence in its possession to which he is entitled, and that it has and will continue to fully comply with its discovery obligations. The government maintains that on April 21, 2014 it sent Vujanic a database disk containing all of the scanned evidence, and a disk containing the government's trial exhibits from the 2011 trial of Vujanic's codefendants. It posits that it has also referred Vujanic to the discovery coordinating attorney to determine whether Vujanic can access the "processed" eight terabytes of data from the seized computers; that it has advised Vujanic that there are additional hard drives pertinent to him that were not part of the eight terabytes previously produced; and that it has instructed Vujanic to provide the government with an appropriately sized hard drive so that it can make a copy of the data for him.

Vujanic replies that the government cannot satisfy its discovery obligations by providing him with every single document in the case and placing on him the burden of sifting through up to ten terabytes of information at his own expense.

II

A

To the extent Vujanic requests discovery that the government is required, or has offered, to disclose under Rules 16 and 26.2, the Jencks Act, 18 U.S.C. § 3500, *Brady v. Maryland*, 373 U.S. 83 (1963), and its progeny, and *Giglio v. United States*, 405 U.S. 150 (1972), and its progeny, or that the government has offered to provide under Rule 12(b)(4),

the motion is denied as moot. The government will be expected to comply with its obligations under *Brady*, *Giglio*, and the applicable rules and statutes. To the extent Vujanic's requests exceed what is required by these authorities, the motion is denied.

B

As for Vujanic's complaint about the volume of the government's prior disclosures of discovery, "[a]s a general rule, the government is under no duty to direct a defendant to exculpatory evidence within a larger mass of disclosed evidence." *United States v. Skilling*, 554 F.3d 529, 576 (5th Cir. 2009), *vacated in part on other grounds*, 561 U.S. 358 (2010). A *Brady* violation will not be found where potentially exculpatory information is available to the defendant through an exercise of due diligence. *Id.* In *Skilling* the defendant argued that "the voluminosity of the government's open file prevented him from effectively reviewing the government's disclosure" and that "no amount of diligence, much less reasonable diligence, could have accomplished this task." *Id.* The panel noted that "[t]here is little case law on whether a voluminous open file can itself violate *Brady*, and the outcomes of these cases seem to turn on what the government does in addition to allowing access to a voluminous open file." *Id.* at 577. It also stated that it was not holding "that the use of a voluminous open file can never violate *Brady*." *Id.* But the panel found no *Brady* violation where the government "did much more than drop several hundred million pages on [the defendant's] doorstep." *Id.* The government's open file was electronic and searchable; the government produced a set of "hot documents" that it thought were important to its case or were potentially relevant to the defendant's defense; the government created indices to

these and other documents; and it provided the defendant with access to various databases concerning prior litigation involving his company. *Id.* The panel noted that "there is no evidence that the government found something exculpatory but hid it in the open file with the hope that [the defendant] would never find it." *Id.*

In Vujanic's case, the government has acknowledged its obligations to comply with *Brady* and *Giglio*. The government has also taken additional steps, some of which are of the type cited with approval in *Skilling*, to facilitate Vujanic's review of the evidence: it has provided Vujanic a disc that contains the trial exhibits that it used in the 2011 trial of codefendants charged in the case; it has provided other data discs that are labeled according to their contents; it has identified Marlo P. Cadeddu, Esquire, the Coordinating Discovery Attorney previously appointed in the case, as a resource for accessing data disclosed in connection with the 2011 trial of the codefendants; it has stated that it will identify the sources of seized items; and it has advised Vujanic's counsel that all email and instant message chats involving Vujanic are located within 8 terabytes or 2 terabytes of data rather than within the entire universe of discovery. Additionally, the court has granted Vujanic's motion for approval of Criminal Justice Act funds so that Ms. Cadeddu can provide the same services as Coordinating Discovery Attorney as she provided to the numerous codefendants who were tried or entered guilty pleas. Vujanic will have the benefit of Ms. Cadeddu's extensive prior experience in this case when attempting to narrow his examination of the discovery that the government has produced.

* * *

Accordingly, Vujanic's motion for discovery is denied in part as moot and denied in part.

**SO ORDERED**.

August 6, 2014.

                                                _____
                                                SIDNEY A. FITZWATER
                                                CHIEF JUDGE